[No. E007300. Fourth Dist., Div. Two. Nov. 28, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
JACK DEAN McCRAW, Defendant and Appellant.

**COUNSEL**

Shawn O'Laughlin, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney

General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**DOUGHERTY, J.**\*—The defendant appeals from a guilty plea pursuant to Penal Code section 1237.5 after a denial of a motion to dismiss (Pen. Code, § 995). The magistrate, after denying a motion to suppress pursuant to Penal Code section 1538.5, held the defendant to answer. The trial court reviewed the transcript of the preliminary hearing and the defendant's motion to suppress pursuant to Penal Code section 1538.5 and denied the motion to dismiss. The trial court sentenced the defendant to the low term of two years for a violation of Health and Safety Code section 11351 (possession of cocaine for sale).

### STATEMENT OF FACTS

Officer Sullivan of the Ontario Police Department stopped the defendant's vehicle because it had no front license plate. He then ran a records check on the defendant and the passenger in the car. When the dispatcher advised him the search was clear, Officer Sullivan issued the citation and the defendant started to drive off. As the defendant pulled away, the dispatcher notified the officer that there was a possible warrant out of the State of Washington. He then stopped the defendant's car again and asked for confirmation from the dispatcher. The officer detained the defendant for 10 minutes while the dispatcher telephoned the State of Washington. The station notified the officer that a warrant would be teletyped to the Foothill jail. The dispatcher told the officer that the Washington authorities would have to check with a "higher authority" as to whether they would extradite. Officer Sullivan then arrested the defendant under the Washington warrant. Another officer's inventory of the defendant's automobile turned up several baggies of what was suspected to be cocaine in the trunk of the defendant's car. The parties stipulated that the baggies contained cocaine which weighed over 13 grams. At sentencing the parties also stipulated that the transcript of the preliminary hearing would form a factual basis for the plea of guilty.

### ISSUE ON APPEAL

1. Whether an out of state warrant is valid where it has a notation that the issuing state will only extradite to an adjacent state?

\*Assigned by the Chairperson of the Judicial Council.

2. Assuming the warrant is invalid, whether the good faith exception of *United States* v. *Leon* will save an otherwise invalid arrest warrant?

The answer to the first question is yes and so we must affirm the judgment. We also conclude that the good faith exception would save the warrant, the arrest and the subsequent search.

## DISCUSSION

1. The Washington warrant with the notation not to extradite from other than an adjoining state does not invalidate an arrest in California.

The defendant contends that since California is not adjacent to Washington, the warrant is not valid and therefore the search is illegal. However the warrant is certainly valid under California law. Penal Code sections 814, 815, and 815a set out in detail the requirements for a valid warrant. In summary those items are (1) the crime, (2) the defendant's name, (3) the time of issuance, (4) the city or county where issued, (5) the direction to the peace officer to bring the defendant before a magistrate, (6) a signature and title of the magistrate, and (7) amount of bail if any. A warrant may be sent by any electronic method, and it is just as effective as the original. (Pen. Code, § 850, subd. (a).) An electronic warrant or abstract must contain the warrant number as well. (Pen. Code, § 850, subd. (b).) Lastly there is a certification requirement by the sending officer. (Pen. Code, § 851.) This warrant was not an extradition warrant under the requirements of Penal Code sections 1547 et seq. (Uniform Criminal Extradiction Act). These sections describe the issuance by the governor of an extradition warrant.

The defendant has not provided us with any authority, nor has this court found any, which would suggest that Washington law would invalidate this warrant.[1] What we have then is a valid warrant from the State of Washington with a notation that the state does not wish to extradite beyond its adjacent states. Webster defines "adjacent" as "not distant or far off"; also as "nearby, but not touching"; and also as "having a common border." (Webster's New Internat. Dict. (3d ed. 1961) p. 26.) While California and Washington do not have a common border, some portions of California are nearer to the state of Washington than, for example, some portions of Idaho. Even if we assume that California is not an adjacent state (there is no evidence in the record specifically as to whether Washington considers California an adjacent state) we still are left with the determination that the warrant is valid on its face.

---

[1] After the parties had submitted their briefs, this court invited the parties to submit additional briefs on this point.

The cases cited by the defendant (*People* v. *Ramirez* (1983) 34 Cal.3d 541 [194 Cal.Rptr. 454, 668 P.2d 761]; *People* v. *Howard* (1984) 162 Cal.App.3d 8 [208 Cal.Rptr. 353]) do not support his contention that the Washington warrant and the subsequent arrest were illegal. In *Ramirez* the court found that the warrant was totally void since the police had already executed the warrant months before and had forgotten to clear it from their warrant bank. (*Ramirez, supra,* at pp. 544, 552.) In *Howard* the arresting officer negligently relied upon inaccurate information given to him by a probation officer. (*Howard, supra,* at p. 12.) Since the *Howard* case deals with a warrantless search (*ibid.*) it is not relevant to the first point raised by the defendant.

The defendant also attacks the warrant because the authorities in Washington, after his arrest, first did not send the warrant without the notation and later sent it. Penal Code section 1551.1 authorizes the arrest *without a warrant* (italics added) of any person "charged in the courts of any other state with a crime punishable by death or imprisonment for a term exceeding one year . . . ." This section would seem to resolve this issue in any event.

2. The good faith exception would also apply even if the warrant were defective.

 The defendant asserts that the *Ramirez* and *Howard* cases prohibit the use of the good faith exception under *United States* v. *Leon* (1984) 468 U.S. 897 [82 L.Ed.2d 677, 104 S.Ct. 3405]. Although the *Howard* and *Ramirez* courts recognized that the good faith exception applies to arrest warrants, they both stated that the arresting officer's good faith must include the "collective knowledge" of law enforcement agencies and persons through whom the information sustaining the warrant has passed. (*People* v. *Ramirez, supra,* 34 Cal.3d at p. 547; *People* v. *Howard, supra,* 162 Cal.App.3d at p. 18.) "If there is a defect in that chain of information, the good faith of the executing officer does not operate to validate the arrest." (*Howard, supra,* at p. 18.)

As the record reflects, the discretion to extradite or not certainly does not lie in a dispatcher or booking officer. Generally this power rests with the prosecutor of the filing jurisdiction and ultimately with the governor. (Pen. Code, § 1547 et seq.) Therefore, the rule of *Leon* that validates an arrest and search made based upon a warrant executed by officers who had an objectively reasonable belief in its validity would apply. (*United States* v. *Leon, supra,* 468 U.S. at p. 919 [82 L.Ed.2d at pp. 696-697.)

## DISPOSITION

Judgment affirmed.

Dabney, Acting P. J., and McDaniel, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied February 13, 1991.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.